# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CONTECH U.S., LLC, *et al.* | ) | Case No. 09-42392 (SWR) |
| | ) | |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING DEBTOR TO RETAIN AND EMPLOY HILCO REAL ESTATE, LLC

This matter coming before the Court on the Trustee's *Application for Authority to Retain and Employ Hilco Real Estate, LLC* ("Hilco") to provide consulting and marketing services to the Trustee with respect to the sale of certain real property and facility; the Court having reviewed the Application and the *Verified Statement Pursuant to Bankruptcy Rule 2014(a)* (the "Verified Statement") of Hilco; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Application was sufficient under the circumstances and the U.S. Trustee having consented to the retention of Hilco; and (c) the Court having determined that the legal and factual bases set forth in the Application and the Verified Statement establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application, Engagement and/or the Verified Statement.

3. The Trustee is authorized to retain and employ Hilco pursuant to section 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 to provide consulting and marketing services to the Trustee for the sale of the real property and facility located at 3160 Dallavo Court, Walled Lake, Michigan in accordance with the terms set forth in the Application and Engagement.

4. Hilco shall be compensated for such services and reimbursed for any related expenses in accordance with the terms of the Application and the Engagement. However, prior to the payment of any fee ("Fee") to Hilco, the Trustee shall prepare a notice ("Notice") disclosing: (a) the amount of the Fee intended to be paid to Hilco from the proceeds of any sale, and (b) a description of how the Fee to be paid was calculated. The Notice shall be served upon (x) CIT, (y) known administrative creditors, and (z) any other parties with an interest in the sale proceeds (the "Notice Parties") and expressly state that unless an objection to the payment of the Fee is served upon the Trustee within 21 days of service of the Notice, the Fee shall be paid to Hilco without further order of the Court. Notwithstanding Paragraph 5 of this Order, in the event an objection to the Fee is timely given, Hilco shall file a final fee application pursuant to section 330 of the Bankruptcy Code for the Court to determine the appropriateness of the Fee.

5. Subject to Paragraph 4 of this Order, the requirements of sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1 (E.D.M.) that Hilco maintain detailed time records of its services provided under the Engagement and file a final application for fees and expenses is waived.

6. The Application, the Engagement and all other documents related to this matter are amended to correct the name of the secured lender of the Debtor to "CIT

Group/Business Credit, Inc.", as agent for the DIP Lenders under the DIP Order in Debtor's bankruptcy case.

.

**Signed on October 27, 2009**

                                                                      **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**